[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties to this action Robert N. Beaudry plaintiff and Debra Blymuller whose name at the time of her marriage to the CT Page 4614 plaintiff was Debra Baker, intermarried at Dayville, Connecticut on May 31, 1980.
The parties have resided in Connecticut for at least twelve months next preceding the date of the filing of the complaint.
The parties have no minor children born to the defendant wife.
No state or municipal agency is contributing to the support of the parties.
Until several years ago the parties had a relatively satisfying relationship. Over the last few years, the parties testified that they stopped having relations and increasingly argued. They had increasing disagreements and made each other miserable. The parties are of the opinion that the marriage has broken down irretrievably and there is no prospect for reconciliation.
Subsequent to the filing for divorce the parties have separated.
The plaintiff is employed at the Learning Clinic in Brooklyn, Connecticut and has a net weekly wage of $396. The defendant is employed at Price Memorial Baptist Home with a net weekly wage of $242.
The court finds based on the evidence and provisions of Connecticut General Statutes § 46b-81(c)[1], the marriage has broken down irretrievably and the orders should enter.
A decree of dissolution based on irretrievable breakdown.
The family residence located at 111-113 South Chestnut Street, Plainfield, Connecticut, is found, based on the evidence, to have a value of $67,000 and a mortgage of approximately $9413.47. The wife is ordered to quit claim her interest in the subject property to the plaintiff's husband. The plaintiff is to refinance the property and pay the defendant the sum of $30,000 at time of transfer.
The 1990 Ford Ranger truck and the 1994 Cadillac sedan are awarded to the plaintiff's husband; the 1992 Dodge Dynasty is awarded to the defendant wife. CT Page 4615
The parties are to pay all the debts and expenses listed on their respective affidavits and hold the other party harmless therefrom.
The plaintiff husband is to keep his IRA and retirement account fund free and clear of any claims by the defendant wife.
The defendant wife is to keep her IRA account free and clear of any claims by the plaintiff husband.
The defendant wife to have COBRA medical coverage at her expense.
The defendant wife is awarded the sum of $150 per month periodic alimony for a period of four years from the date hereof the alimony is non-modifiable as to term or amount.
Each party is to keep all the personal property presently in each party's possession, except for family photographs in plaintiff's possession which are to be duplicated at the defendant's discretion. The parties are to share equally in the cost of duplicating the family photographs.
Kocay, J.